# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
**FEBRUARY 2026** **00686**
E-Filing Number: 2602010438

| | |
|---|---|
| PLAINTIFF'S NAME<br>ALEXANDER VULAKH | DEFENDANT'S NAME<br>HOME DEPOT USA, INC. |
| PLAINTIFF'S ADDRESS<br>935 CARDINAL LANE<br>HUNTINGDON VALLEY PA 19006 | DEFENDANT'S ADDRESS<br>2455 PACES FERRY ROAD<br>ATLANTA GA 30339 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>HOME DEPOT, INC. |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>2455 PACES FERRY ROAD<br>ATLANTA GA 30339 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>HOME DEPOT (STORE #6866) |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>11725 BUSTLETON AVENUE<br>PHILADELPHIA PA 19116 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 5 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☒ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE
2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
FEB 04 2026
S. GILLIAM

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ALEXANDER VULAKH
Papers may be served at the address set forth below.

| | | |
|---|---|---|
| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>THOMAS J. GIBBONS | | ADDRESS<br>2005 MARKET STREET<br>SUITE 1920<br>PHILADELPHIA PA 19103 |
| PHONE NUMBER<br>(215)569-1455 | FAX NUMBER<br>none entered | |
| SUPREME COURT IDENTIFICATION NO.<br>200435 | | E-MAIL ADDRESS<br>tom@gibbonslegal.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*THOMAS GIBBONS* | | DATE SUBMITTED<br>Wednesday, February 04, 2026, 03:36 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. HOME DEPOT USA, INC.
   2455 PACES FERRY ROAD
   ATLANTA GA 30339
2. HOME DEPOT, INC.
   2455 PACES FERRY ROAD
   ATLANTA GA 30339
3. HOME DEPOT (STORE #6866)
   11725 BUSTLETON AVENUE
   PHILADELPHIA PA 19116
4. JOHN DOE(S)
   11725 BUSTLETON AVENUE
   PHILADELPHIA PA 19116
5. ABC CORPORATION(S)
   11725 BUSTLETON AVENUE
   PHILADELPHIA PA 19116

GIBBONS LEGAL, P.C.
By: Thomas J. Gibbons, I.D. #200435
Heather R. Reese, I.D. #328292
2005 Market Street, Suite 1920
Philadelphia, PA 19103
Phone: (215) 569-1455
Fax: (215) 525-1199

ATTORNEYS FOR PLAINTIFF

Filed and Attested by the
Office of Judicial Records
04 FEB 2026 03:26 pm
G. GILLIAM

THIS IS A MAJOR JURY MATTER

| | | |
|---|---|---|
| ALEXANDER VULAKH<br>935 Cardinal Lane<br>Huntingdon Valley, PA 19006<br>Plaintiff, | : | COURT OF COMMON PLEAS OF<br>PHILADELPHIA COUNTY, PA |
| v. | : | TERM:<br>NO.: |
| HOME DEPOT USA, INC.<br>2455 Paces Ferry Road<br>Atlanta, GA 30339 | : | CIVIL ACTION - LAW |
| and | : | |
| HOME DEPOT, INC.<br>2455 Paces Ferry Road<br>Atlanta, GA 30339 | : | JURY TRIAL DEMANDED |
| and | : | |
| HOME DEPOT (STORE #6866)<br>11725 Bustleton Avenue<br>Philadelphia, PA 19116 | : | |
| and | : | |
| JOHN DOE(S)<br>11725 Bustleton Avenue<br>Philadelphia, PA 19116 | : | |
| and | : | |
| ABC CORPORATION(S)<br>11725 Bustleton Avenue<br>Philadelphia, PA 19116<br>Defendants. | : | |

**CIVIL ACTION COMPLAINT**

Case ID: 260200686

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**PHILADELPHIA BAR ASSOCIATION**
LAWYER REFERRAL AND
INFORMATION SERVICE
ONE READING CENTER
PHILADELPHIA, PA 19107
TELEPHONE: (215) 238-6333

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrite sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará mdidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATA-MENTE. SI NO TIENE ABOGADO O SINO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEPHONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUDE CONSEGUIR ASISTENCIA LEGAL.

**ASOCIACIÓN DE LICENCIADOS DE FILADELFIA**
SERVICIO DE REFERENCIA E
INFORMACIÓN LEGAL
ONE READING CENTER
FILADELFIA, PA 19107
TELÉFONO: (215) 238-6333

Case ID: 260200686

Plaintiff, Alexander Vulakh, by and through his attorneys, Gibbons Legal, P.C., hereby files a Civil Action Complaint against Home Depot USA, Inc., Home Depot, Inc., Home Depot (Store 6866), John Doe(s), and ABC Corporation(s). In support thereof, Plaintiff avers the following:

1. Plaintiff, Alexander Vulakh, is an adult individual, citizen, and resident of the Commonwealth of Pennsylvania, residing therein at the above-captioned address.

2. Defendant, Home Depot USA, Inc., is a corporation or other entity authorized to do business in Pennsylvania with an office for service of process at the above-captioned address.

3. At all times relevant hereto, said Defendant purposefully established significant contacts in Philadelphia County and has carried out, and continues to carry out, substantial, continuous, and systematic business activities in the county of Philadelphia.

4. Defendant, Home Depot, Inc., is a corporation or other entity authorized to do business in Pennsylvania with an office for service of process at the above-captioned address.

5. At all times relevant hereto, said Defendant purposefully established significant contacts in Philadelphia County and has carried out, and continues to carry out, substantial, continuous, and systematic business activities in the county of Philadelphia.

6. Defendant, Home Depot (Store 6866), is a corporation or other entity authorized to do business in Pennsylvania with an office for service of process at the above-captioned address.

7. At all times relevant hereto, said Defendant purposefully established significant contacts in Philadelphia County and has carried out, and continues to carry out, substantial, continuous, and systematic business activities in the county of Philadelphia.

8. Defendants, Home Depot USA, Inc., Home Depot, Inc., and Home Depot (Store 6866) are collectively referred to herein as the Home Depot Defendants.

9. Defendant, John Doe(s) ("Doe"), is an adult individual and employees, agents, or workmen of the Home Depot Defendants who, after reasonable investigation, is currently unknown.

10. Plaintiff alleges that an insufficient amount of time has passed within which to determine the identity of Defendant Doe. For purposes of this Complaint, s/he has been identified as John Doe.

11. Defendant, ABC Corporation(s) ("ABC"), is corporation or other entity authorized to do business in Pennsylvania that, after reasonable investigation, is currently unknown.

12. Plaintiff alleges that an insufficient amount of time has passed within which to determine the identity of Defendant ABC. For purposes of this Complaint, it has been identified as ABC Corporation.

13. Pursuant to the Rules of Court for the Commonwealth of Pennsylvania, Plaintiff reserves the right to amend this Complaint relative to additional defendants, when and if the identity of said persons and / or entities become known.

14. At all times relevant hereto, the Home Depot Defendants individually or jointly owned, operated, controlled, maintained, possessed, or were otherwise responsible for Home Depot #6866 located at 11725 Bustleton Avenue, Philadelphia, PA 19116 ("premises").

15. At all times relevant hereto, the Home Depot Defendants' agents, employees, workmen, and other representatives acted or failed to act within the course and scope of their employment.

16. On or about February 13, 2024, Plaintiff was a business invitee lawfully present on the premises.

17. One of the Home Depot Defendants' agents, employees, workmen, and other representatives entered a shopping aisle behind Plaintiff.

18. Said agent, employee, workman, and other representative was operating a pallet jack with an unsecured load of toilets.

19. Said agent, employee, workman, and other representative operated that pallet jack in such a way that the unsecured load of toilets fell from the pallet.

20. A falling toilet struck Plaintiff from behind.

17. As a result of being struck by the toilet, Plaintiff suffered serious permanent injuries or aggravations of pre-existing conditions resulting in a serious impairment of bodily functions.

18. The incident was captured on the premises' CCTV surveillance system.

19. Defendants' agents, employees, workmen, or other representatives failed to properly secure the toilets loaded thereon.

20. Defendants' agent, employee, workman, or other representative operated the pallet jack in a negligent manner.

21. The failure to properly secure the toilets created a foreseeable risk of injury to Plaintiff and others lawfully on the premises.

22. The negligent operation of the pallet jack created foreseeable risk of injury to Plaintiff and others lawfully on the premises.

23. Defendants' agents, employees, workmen, or other representatives failed to warn Plaintiff and others of the aforementioned risks.

24. Defendants' agents, employees, workmen, or other representatives failed to protect Plaintiff and others from the aforementioned risks so as to prevent foreseeable injury.

25. At all times relevant hereto, Plaintiff acted in a careful, cautious, reasonable, and prudent manner and was free of any comparative negligence.

26. At all times relevant hereto, Plaintiff did not assume the risk of injury or accident.

27. Neither the subject accident nor Plaintiff's resulting injuries were caused or contributed to by Plaintiff's acts or failures to act.

28. The subject accident and Plaintiff's resulting injuries were caused solely, directly, proximately, jointly, and severally by Defendants' individual or collective careless and otherwise negligent acts or failures to act.

29. As a direct and proximate result of Defendants' careless and otherwise negligent acts or failures to act, Plaintiff suffered serious permanent injuries or aggravations of pre-existing conditions including, but not limited to, neck injuries, back injuries, extremity injuries, nerve damage, numerous contusions and bruises, post-traumatic anxiety and shock, and various other injuries the exact extent and permanency of which are not yet known.

30. As a further direct and proximate result of Defendants' careless and otherwise negligent acts or failures to act, Plaintiff has suffered, and may continue to suffer, great physical and mental pain and anguish resulting in a loss of the enjoyment of life.

31. As a further direct and proximate result of Defendants' careless and otherwise negligent acts or failures to act, Plaintiff has been, and may continue to be, obliged to receive and undergo medical attention and care to his great financial detriment.

32. As a further direct and proximate result of Defendants' careless and otherwise negligent acts or failures to act, Plaintiff has suffered, and may continue to suffer, severe physical and mental anguish.

33. As a further direct and proximate result of Defendants' careless and otherwise negligent acts or failures to act, Plaintiff has been, and may continue to be, obliged to expend various sums for ordinary and necessary services that Plaintiff would have performed for his own benefit, but was unable to perform due to his serious permanent injuries or aggravations of injuries.

34. As a further direct and proximate result of Defendants' careless and otherwise negligent acts or failures to act, Plaintiff has suffered, and may continue to suffer, a loss of earnings or an impairment of his earning capacity and power, which has been, and may continue to be, to his great financial detriment.

35. As a further direct and proximate result of Defendants' careless and otherwise negligent acts or failures to act, Plaintiff has had healthcare liens, welfare liens, and/or other liens asserted against him, for which he makes claims herein.

**COUNT I**

**ALEXANDER VULAKH v. HOME DEPOT USA, INC.**

36. Plaintiff, Alexander Vulakh, hereby incorporates the preceding paragraphs as if set forth at length herein.

37. Defendant Home Depot USA, Inc.'s careless and otherwise negligent acts or failures to act consisted of the following:

a. Failing to properly train employees in the safe operation of pallet jacks, material handling equipment, and the proper securing of merchandise on pallets;

b. Negligently operating, or permitting employees to negligently operate, pallet jacks and material handling equipment in areas open to customers without adequate safety precautions;

c. Failing to properly secure merchandise on the pallet in such a manner as to prevent said merchandise from falling and striking customers;

d. Allowing overloaded or improperly loaded pallet jacks to be moved through customer areas when Defendant knew, or in the exercise of reasonable care should have known, such equipment created an unreasonable risk of harm to Plaintiff and others;

e. Failing to properly and adequately maintain safe aisles and customer pathways free from dangerous equipment operations;

f. Failing to warn customers, including Plaintiff, of dangerous pallet jack and equipment operations occurring in customer areas;

g. Failing to implement, follow, or enforce adequate safety protocols for moving heavy equipment and merchandise through areas occupied by customers;

h. Failing to properly supervise employees operating pallet jacks and material handling equipment;

i. Hiring, employing, training, and / or promoting employees who were responsible for the safe operation of equipment and handling of merchandise but who failed to do so safely;

j. Failing to properly inspect equipment, pallet loads, and merchandise to ensure customer safety;

k. Failing to properly comply with OSHA regulations and industry safety standards applicable to material handling operations in retail environments; and

l. Failing to properly perform its statutory, common law, and ordinance duties to protect business invitees, including Plaintiff, from foreseeable harm created by equipment operations and merchandise handling.

**WHEREFORE**, Plaintiff, Alexander Vulakh, demands judgment in his favor and against Defendants, Home Depot USA, Inc., Home Depot, Inc., Home Depot (Store 6866), John Doe(s), and ABC Corporation(s), jointly and severally, in an amount exceeding $50,000.00.

**COUNT II**

**ALEXANDER VULAKH v. HOME DEPOT, INC.**

38. Plaintiff, Alexander Vulakh, hereby incorporates the preceding paragraphs as if set forth at length herein.

39. Defendant Home Depot, Inc.'s careless and otherwise negligent acts or failures to act consisted of the following:

a. Failing to properly train employees in the safe operation of pallet jacks, material handling equipment, and the proper securing of merchandise on pallets;

b. Negligently operating, or permitting employees to negligently operate, pallet jacks and material handling equipment in areas open to customers without adequate safety precautions;

c. Failing to properly secure merchandise on the pallet in such a manner as to prevent said merchandise from falling and striking customers;

d. Allowing overloaded or improperly loaded pallet jacks to be moved through customer areas when Defendant knew, or in the exercise of reasonable care should have known, such equipment created an unreasonable risk of harm to Plaintiff and others;

e. Failing to properly and adequately maintain safe aisles and customer pathways free from dangerous equipment operations;

f. Failing to warn customers, including Plaintiff, of dangerous pallet jack and equipment operations occurring in customer areas;

g. Failing to implement, follow, or enforce adequate safety protocols for moving heavy equipment and merchandise through areas occupied by customers;

h. Failing to properly supervise employees operating pallet jacks and material handling equipment;

i. Hiring, employing, training, and / or promoting employees who were responsible for the safe operation of equipment and handling of merchandise but who failed to do so safely;

j. Failing to properly inspect equipment, pallet loads, and merchandise to ensure customer safety;

k. Failing to properly comply with OSHA regulations and industry safety standards applicable to material handling operations in retail environments; and

l. Failing to properly perform its statutory, common law, and ordinance duties to protect business invitees, including Plaintiff, from foreseeable harm created by equipment operations and merchandise handling.

**WHEREFORE**, Plaintiff, Alexander Vulakh, demands judgment in his favor and against Defendants, Home Depot USA, Inc., Home Depot, Inc., Home Depot (Store 6866), John Doe(s), and ABC Corporation(s), jointly and severally, in an amount exceeding $50,000.00.

**COUNT III**

**ALEXANDER VULAKH V. HOME DEPOT (STORE 6866)**

40. Plaintiff, Alexander Vulakh, hereby incorporates the preceding paragraphs as if set forth at length herein.

41. Defendant Home Depot (Store #6866) careless and otherwise negligent acts or failures to act consisted of the following:

a. Failing to properly train employees in the safe operation of pallet jacks, material handling equipment, and the proper securing of merchandise on pallets;

b. Negligently operating, or permitting employees to negligently operate, pallet jacks and material handling equipment in areas open to customers without adequate safety precautions;

c. Failing to properly secure merchandise on the pallet in such a manner as to prevent said merchandise from falling and striking customers;

d. Allowing overloaded or improperly loaded pallet jacks to be moved through customer areas when Defendant knew, or in the exercise of reasonable care should have known, such equipment created an unreasonable risk of harm to Plaintiff and others;

e. Failing to properly and adequately maintain safe aisles and customer pathways free from dangerous equipment operations;

f. Failing to warn customers, including Plaintiff, of dangerous pallet jack and equipment operations occurring in customer areas;

g. Failing to implement, follow, or enforce adequate safety protocols for moving heavy equipment and merchandise through areas occupied by customers;

h. Failing to properly supervise employees operating pallet jacks and material handling equipment;

i. Hiring, employing, training, and / or promoting employees who were responsible for the safe operation of equipment and handling of merchandise but who failed to do so safely;

j. Failing to properly inspect equipment, pallet loads, and merchandise to ensure customer safety;

k. Failing to properly comply with OSHA regulations and industry safety standards applicable to material handling operations in retail environments; and

l. Failing to properly perform its statutory, common law, and ordinance duties to protect business invitees, including Plaintiff, from foreseeable harm created by equipment operations and merchandise handling.

**WHEREFORE**, Plaintiff, Alexander Vulakh, demands judgment in his favor and against Defendants, Home Depot USA, Inc., Home Depot, Inc., Home Depot (Store 6866), John Doe(s), and ABC Corporation(s), jointly and severally, in an amount exceeding $50,000.00.

**COUNT IV**

**ALEXANDER VULAKH v. JOHN DOE(S)**

42. Plaintiff, Alexander Vulakh, hereby incorporates the preceding paragraphs as if set forth at length herein.

43. Defendant Doe(s)'s careless and otherwise negligent acts or failures to act consisted of the following:

a. Negligently operating a pallet jack loaded with merchandise in an area occupied by customers without exercising reasonable care for customer safety;

b. Failing to maintain proper control of the pallet jack and loaded merchandise while operating same in customer areas;

c. Failing to properly secure merchandise, specifically toilets, on the pallet before moving said pallet through customer areas;

d. Operating a pallet jack with an overloaded or improperly loaded pallet when Defendant knew, or in the exercise of reasonable care should have known, such operation created an unreasonable risk of harm to Plaintiff and others;

e. Failing to maintain adequate clearance between the pallet jack and customers in the aisles;

f. Failing to warn Plaintiff and other customers of the dangerous equipment operation occurring in their immediate vicinity;

g. Failing to follow safety protocols and procedures for moving heavy equipment and merchandise through areas occupied by customers;

h. Failing to properly inspect the pallet load to ensure merchandise was adequately secured before moving the pallet jack;

i. Failing to stop equipment operations when customers were in close proximity to the pallet jack;

j. Failing to implement or follow industry safety standards and best practices for material handling in retail environments;

k. Failing to exercise reasonable care to avoid striking Plaintiff with the pallet jack or causing merchandise to fall upon Plaintiff; and

l. Failing to properly perform statutory, common law, and ordinance duties to protect business invitees, including Plaintiff, from foreseeable harm created by negligent equipment operation.

**WHEREFORE**, Plaintiff, Alexander Vulakh, demands judgment in his favor and against Defendants, Home Depot USA, Inc., Home Depot, Inc., Home Depot (Store 6866), John Doe(s), and ABC Corporation(s), jointly and severally, in an amount exceeding $50,000.00.

**COUNT V**

**ALEXANDER VULAKH v. ABC CORPORATION(S)**

44. Plaintiff, Alexander Vulakh, hereby incorporates the preceding paragraphs as if set forth at length herein.

45. Defendant ABC Corporation(s)'s careless and otherwise negligent acts or failures to act consisted of the following:

a. Failing to properly train employees or contractors in the safe operation of pallet jacks, material handling equipment, and the proper securing of merchandise on pallets;

b. Negligently operating, or permitting employees or contractors to negligently operate, pallet jacks and material handling equipment in areas open to customers without adequate safety precautions;

c. Failing to properly secure merchandise on pallets in such a manner as to prevent said merchandise from falling and striking customers;

d. Allowing overloaded or improperly loaded pallet jacks to be moved through customer areas when Defendant knew, or in the exercise of reasonable care should have known, such equipment

created an unreasonable risk of harm to Plaintiff and others;

e. Failing to maintain safe aisles and customer pathways free from dangerous equipment operations;

f. Failing to warn customers, including Plaintiff, of dangerous pallet jack and equipment operations occurring in customer areas;

g. Failing to implement, follow, or enforce adequate safety protocols for moving heavy equipment and merchandise through areas occupied by customers;

h. Failing to properly supervise employees or contractors operating pallet jacks and material handling equipment;

i. Hiring, employing, training, and / or promoting employees or contractors who were responsible for the safe operation of equipment and handling of merchandise but who failed to do so safely;

j. Failing to properly inspect equipment, pallet loads, and merchandise to ensure customer safety;

k. Failing to properly comply with OSHA regulations and industry safety standards applicable to material handling operations in retail environments; and

l. Failing to properly perform statutory, common law, and ordinance duties to protect business invitees, including Plaintiff, from foreseeable harm created by equipment operations and merchandise handling.

**WHEREFORE**, Plaintiff, Alexander Vulakh, demands judgment in his favor and against Defendants, Home Depot USA, Inc., Home Depot, Inc., Home Depot (Store 6866), John Doe(s), and ABC Corporation(s), jointly and severally, in an amount exceeding $50,000.00.

Respectfully submitted,
**GIBBONS & CRICHTON, P.C.**

By: ______________________
Thomas J. Gibbons, Esquire
Heather R. Reese, Esquire
Counsel for Plaintiff

Case ID: 260200686

## VERIFICATION

The averments and allegations contained in the foregoing **Civil Action Complaint** are true and correct to the best of my knowledge, information, and belief. I understand that intentionally-made false statements therein are subject to the penalties of 18 Pa.C.S. § 4904, which relates to unsworn falsification to authorities.

DocuSigned by:
Alexander Vulakh
3B36131153B04...
Signature